No. 22-1407

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

### TONYA WHORTON, et al.,

Plaintiffs-Appellants.

v.

### VOLVO GROUP NORTH AMERICA, LLC, et al.,

Defendants-Appellees.

---

Appeal from the United States District Court
for the District of Maryland

---

### (CORRECTED)
### REPLY BRIEF OF APPELLANTS

---

August 18, 2022

Brian M. Maul, Esq.
The Law Office of Brian M. Maul, LLC
47 E. South Street, Suite 401
Frederick, Maryland 21701
Phone: 301-378-2569
brian@bmaullaw.com
*Counsel for Appellants*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    Employer Made Unauthorized Deductions from Employees'
          Wages in Violation of MWPCL §3-503 . . . . . . . . . . . . . . . . . . . . . . . 1

    II.   Employees Are Entitled to Attorneys' Fees and Treble Damages . . . 6

    III.  §301 Pre-emption Does Not Apply to Employees' Statutory
          Wage Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
CERTIFICATE OF COMPLIANCE
ADDENDUM (Reply Brief Filed in District Court)
STATUTORY ADDENDUM (MD Code Ann., Labor & Employ. §3-501)
CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

<u>Cases:</u>                                                                     <u>Page</u>

*Bonilla v. DOPS, Inc.*, 2016 WL 828096 (D. Md. Feb. 29, 2016)   . . . . . . . . . . . . 6

*Calderon v. GEICO Gen. Ins. Co.*, 917 F. Supp. 2d 428 (D. Md. 2012) . . . . . . . . . 2

*Cunningham v. Feinberg*, 441 Md. 310 (2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Desmond v. PNGI Charles Town Gaming*, 564 F.3d 688 (4th Cir. 2009)  . . . . . . . . 2


<u>Federal Statutes:</u>
N/A

<u>State Statutes:</u>
MWPCL §3-501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
MWPCL §3-502 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 5
MWPCL §3-503 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6
MWPCL §3-507.2(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6


<u>Rules:</u>
N/A

i

**ARGUMENT**

## I.  EMPLOYER MADE UNAUTHORIZED DEDUCTIONS FROM EMPLOYEES' *WAGES* IN VIOLATION OF MWPCL §3-503

As noted by both Appellants ("Employees") and Appellees ("Employer"), "wage" means all the compensation that is due to an employee for employment. MD. CODE ANN., LABOR & EMPLY. §3-501(c)(1).

In their Response Brief, Employer focuses heavily on Employees' use of the term "paycheck" in conjunction with the term "wages," drawing a distinction without a difference.   Response Brief at pp. 21, 25.  However, the use of the term paycheck to describe wage payments is simply a common and/or colloquial way to refer to such regular wage payment.  Employees' arguments do not depend upon whether one uses the term wages or paycheck.  The point is that the total compensation owed for the 2-week work period (*i.e.*, "wages" or "paycheck") was not paid in full since unauthorized deductions were made from those wages for alleged overpayments from more than three years prior.

Furthermore, a pay "check" is indeed how employees are typically paid their "wages," as reflected in the text of Maryland's wage statute.  *See* MD. CODE ANN., LABOR & EMPLY. §3-502(c)("Payment of wage") ("Each employer shall pay *a wage*: (1) in United States currency; or (2) by *a check* that, on demand, is convertible at face

1

value into United States currency.") (Emphasis supplied).

As also noted in that same subtitle under the subheading "Pay periods," Employees were required to be paid their "wages" *at least once every two weeks or twice each month. See* MD. CODE ANN., LABOR & EMPLY. §3-502(a)(1) (Payment of wage);[1] *See also Cunningham v. Feinberg,* 441 Md. 310, 322 (2015) ("The MWHL provides a minimum wage standard, and the MWPCL sets certain standards for *the frequency* and methods of compensation, permissible *deductions from pay*, and notification of employees about the details of pay and changes in the amount or method of payment.") (emphasis supplied).

Per Employees' "paychecks" (*i.e.*, wages paid in the form of a check, per §3-502), they were paid wages *for such two-week work period. See* pay Period Beginning and pay Period Ending dates set forth in Employees' paychecks/paystubs. JA 511-550. In other words, the "wages" in question in the case *sub judice* are the wages earned and from which deductions were made *during every two week period* from June 2018 through January 2019.

Thus, there is no genuine dispute of material fact that all of the compensation

---

[1] In the Fourth Circuit, the employer has the burden of proving an employee falls within any statutory exception. *Calderon v. GEICO Gen. Ins. Co.*, 917 F. Supp. 2d 428, 435 (D. Md. 2012), *aff'd*, 809 F.3d 111 (4th Cir. 2015) (quoting *Desmond v. PNGI Charles Town Gaming, LLC*, 564 F.3d 688, 691 (4th Cir. 2009)).

earned by Employees for such 2-week pay periods (*i.e.*, their "wages") was not paid since unauthorized "repayment" deductions were made to recoup alleged overpayments from more than three years prior.

Employer's counter argument is as simple as it is incorrect. Essentially, Employer's argument is that since it allegedly overpaid Employees (more than three years prior[2]) that such compensation was not owed and, therefore, that Employer could deduct such compensation from Employees' current wages without violating §3-503. Response Brief at p. 26 ("A mistaken overpayment to which the employee was not entitled by promise of contract is not part of his/her wage, and its subsequent deduction by the employer does not violate the MWPCL, regardless of whether its deduction was authorized by the employee or falls within an express statutory exception.").

In other words, Employer argues that the operative time frame for the statutory definition of "wages" (and payment requirements) is unlimited. According to Employer, an initial "wage" incorrectly paid several years prior can be removed from a later "wage" earned several years later without violating §3-503. Such an argument is directly contradicted by the clear and unambiguous language of the wage statute,

---

[2] See e.g., Response Brief at pp. 15-16 (noting that Employees status issues did not manifest until three years after their hire dates and that in 2017 the Union agreed to an audit of the previous three years of payroll records).

3

which defines and requires *wage payments for every two-week work period* (*i.e.*, once every two weeks or twice a month).

Moreover, even assuming *arguendo* that Employer is correct and the alleged overpayments several years prior were not compensation owed to the Employees, that does not negate the fact that for the two-week period(s) in question the Employees had earned their wages for that two-week period. In other words, any alleged overpayment from years prior does not magically turn what is otherwise an earned "wage" (*i.e.*, compensation due for the two-week work period) into a "non-wage."[3]

Employer also attempts to take Employees to task for "advancing a contention they did not make to the District Court." Response Brief at p. 30. That "contention" addressed *the Opinion of the District Court being appealed* and, thus, it could not be addressed prior to the Opinion being issued. Namely, as noted in Employees' Opening Brief, the District Court appears to have confused or conflated whether the

---

[3] Employer is correct in their inapplicable hypothetical scenario (Response Brief at pp. 26, 30-31): if an employer mistakenly makes an overpayment to an employee, the employer cannot just unilaterally deduct those amounts from a subsequent paycheck or wage but, rather, they have a legal claim for breach of contract, unjust enrichment, etc., just like any other party that has to bring such a claim in a Maryland court to recoup monies owed to it. There is nothing "ludicrous" about prohibiting an employer from making unilateral deductions from an employee's wages/paycheck, especially when the employer would likely be barred from recovering such monies in any legal proceeding (as in the case *sub judice,* per Maryland's 3-year statute of limitations).

"overpayments" were "compensation due" with whether "the wages/paychecks" were "compensation due." Opening Brief at p. 37. Thus, Employer's citation to cases where arguments were waived by not being properly briefed or supported by legal authority are inapposite.

Indeed, as noted above and by Employer's Response Brief, Employees' repeatedly equated their "wages" with their bi-weekly paychecks and it was Employer (not Employees) who argued against Employees' position that such paychecks are not synonymous with the relevant definition of "wages."

Moreover, in light of §3-502(a)(1), whether the relevant "wages" are the wages required to be paid once every two weeks is self-evident, not a legal argument.

Lastly, Employees in fact specifically staked out such position before the District Court. *See* Employees' Reply at pp. 1-2, attached hereto as **Addendum 1** ("Defendants argue that their deduction of monies from Plaintiffs' paychecks did not constitute an unlawful deduction of "wages" since Defendants were seeking to recoup alleged overpayments made to Plaintiffs from years prior. ... First, there is no genuine dispute of material fact that Defendants *deducted monies from the wages/paychecks to be paid to Plaintiffs **for that pay period***, as Defendants' own payroll records demonstrate.") (emphasis supplied) (citing the paychecks found at JA 511-550 and noting that "such payroll records clearly identify Plaintiffs' "Earnings" and "Gross

5

Pay" due to them based on hours worked *during the pay period*, as well as the unauthorized "Repayment" deductions listed under the "Deduction" section of the pay stub") (emphasis supplied)).

## II.    EMPLOYEES ARE ENTITLED TO ATTORNEYS' FEES AND TREBLE DAMAGES

Employees will refrain from repeating their Opening Brief arguments regarding attorneys' fees and treble damages.  Opening Brief at pp. 9-13.  However, with respect to Employer's argument that such damages are not warranted (Response Brief at pp. 27-28), Employees would also note that fraudulent or malicious intent is not necessary for such an award under §3-507.2. *See e.g., Bonilla v. DOPS, Inc.*, 2016 WL 828096 at *6 (D. Md. Feb. 29, 2016) (granting summary judgment to employee on Maryland wage statute claim since no genuine dispute of material fact exists that employer made deductions without employee's written consent as required under §3-503 and awarding employee treble damages and attorneys' fees without any finding of malice or fraud by the employer).

## III.    §301 PRE-EMPTION DOES NOT APPLY TO EMPLOYEES' STATUTORY WAGE CLAIM

As noted by Employer, Employees' Opening Brief extensively addresses the §301 pre-emption issue and, thus, further substantive supplementation is not necessary.  Nevertheless, with respect to Employer's argument that the Union

could–and did–authorize deductions from Employees' wages without their actual written consent (Response Brief at pp. 36-39), Employees direct the Court's attention to Employees' rebuttal arguments in their Opening Brief. *See* Opening Brief at pp. 27-32.

## CONCLUSION

For all the foregoing reasons and those set forth in Employees' Opening Brief, Employees respectfully request that this Court grant the relief sought by Employees in their Opening Brief.

Respectfully submitted,

_/s/  Brian M. Maul_____
Brian M. Maul, Fed. Bar No. 28198
The Law Office of Brian M. Maul, LLC
47 E. South Street, Suite 401
Frederick, Maryland 21701
301-378-2569
Brian@bmaullaw.com
August 18, 2022                  *Counsel for Appellants*

7

## **CERTIFICATE OF COMPLIANCE**

This Reply Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1,441 words, as calculated by WordPerfect X6, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(ii) and Circuit Rule 32(a)(1). This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in WordPerfect X6, 14-point, Times New Roman proportionally-spaced typeface.

Respectfully submitted,

_s/ Brian M. Maul_____
Brian M. Maul
The Law Office of Brian M. Maul, LLC
47 E. South Street, Suite 401
Frederick, Maryland 21701
301-378-2569
Brian@bmaullaw.com
*Counsel for Appellants*

August 18, 2022

# ADDENDUM 1 TO REPLY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TONYIA WHORTON, et al.** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Case No. 1:19-cv-00413–CCB |
| | * | |
| V. | * | |
| | * | |
| **MACK TRUCKS, INC., et al.** | * | |
| | * | |
| Defendants. | * | |
| | * | |

## PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT

Plaintiffs, by and through undersigned counsel, hereby file this Reply to Defendants' Response to Plaintiffs' Cross Motion for Summary Judgment, stating as follows:

1.     Plaintiffs believe that the arguments raised in Defendants' Response to Plaintiffs' Cross Motion have already been addressed in Plaintiffs' 26-page Cross Motion.[1] However, Plaintiffs file this short Reply to re-emphasize some of the arguments contained in Plaintiffs' Cross Motion.

2.     Defendants argue that their deduction of monies from Plaintiffs' paychecks did not constitute an unlawful deduction of "wages" since Defendants were seeking to recoup alleged overpayments made to Plaintiffs from years prior. See Defs.' Resp. at pp. 4-6;  *See also* Defs.' Memo. In Support of Summ. J. Mot. at pp. 7-8 (stating it was determined in *October 2017* that vacation overpayments were purportedly paid in error for years prior that and that such errors did not manifest themselves for three years after employee's hire date).   However, as pointed out in Plaintiffs' Cross Motion, such argument is without merit for numerous reasons.

---

[1]  Defendants are correct that, as stated in Plaintiffs' Cross Motion, Plaintiffs are only proceeding on Count I of their Complaint.

First, there is no genuine dispute of material fact that Defendants deducted monies from the wages/paychecks to be paid to Plaintiffs for that pay period, as Defendants' own payroll records demonstrate. Exs. A and C[2] to Pls.' Cross Mot. Thus, the case *sub judice* is no different than other cases where an employer was found to have unlawfully deducted monies from an employee's paycheck/wages. Pls.' Cross Mot. at pp. 6-7, and 24-25 (citing *Marshall, Bonilla, Jones, Guerra,* and *Schultz*).

Second, in furtherance of attempting to justify their unlawful deductions, Defendants claim that the terms "wages" and "pay" (or paychecks) are not synonymous and accuse Plaintiffs of "choosing to conflate the terms 'wages' and 'pay.'" Defs.' Resp. at p. 5. However, per the *Cunningham* case (a recent Maryland Court of Appeals case) cited to in Plaintiffs' Cross Motion, 'wages' and 'pay' are in fact synonymous and it is Defendants who are "ignoring" Court holdings. Pls.' Cross Motion at p. 5 (citing *Cunningham*) ("The MWHL provides a minimum wage standard, and the MWPCL sets certain standards for the frequency and methods of compensation, *permissible deductions from pay,* and notification of employees about the details of pay and changes in the amount or method of payment.") (emphasis supplied).

Third, and relatedly, it is irrelevant whether Plaintiffs were in fact overpaid in vacation hours from years prior. Although §3-503 contains certain exceptions to the prohibition against unauthorized deductions, alleged overpayments is not one of them. Pls.' Cross Mot. at p. 25. Thus, this Court need not "interpret" the CBA or determine whether and/or to what extent Plaintiffs were allegedly overpaid with vacation pay in years prior since even assuming (*arguendo*) that Plaintiffs

---

[2] Such payroll records clearly identify Plaintiffs' "Earnings" and "Gross Pay" due to them based on the hours worked during the pay period, as well as the unauthorized "Repayment" deductions listed under the "Deduction" section of the pay stub.

were overpaid in vacation pay in prior years, Defendants were not permitted to recoup such alleged overpayments through unauthorized deductions from Plaintiffs' wages and/or paychecks. Pls.' Cross Mot. at pp. 8-25.

Fourth, and relatedly, Defendants are engaged in circular reasoning, *i.e.*, that because they had the purported right to deduct the alleged vacation overpayments from years prior, they could not have unlawfully deduct money from Plaintiffs' wages. Defs.' Resp. at p. 5 (arguing that this Court "must initially determine the amount of vacation compensation that was due each employee" before it can be "determine whether a deduction was made from the employee's 'wages'"). However, Defendants' argument has it backwards: pursuant to §3-503, Defendants were prohibited from deducting *any monies* from Plaintiffs' wages or paychecks without their written authorization consenting to the same *regardless of the reason for the deduction* and even assuming (*arguendo*) that Defendants had overpaid Plaintiffs in vacation compensation in prior years. Pls.' Cross Mot. at pp. 8-25 (citing, inter alia, *Marshall*) ("*When an employer makes an unauthorized deduction under §3-503, it is not paying all the compensation that is due to the employee.* It is paying some part of that compensation (or perhaps all of it), unlawfully, to someone else. A violation of §3-503 necessarily constitutes a violation also of §3-502 or §3-505.") (emphasis supplied)).

Fifth, neither of the cases relied upon by Defendants involve deductions from wages and/or paychecks. Pls.' Cross Mot. at pp. 23-24 (citing *Butler* and *Greenwald*). Upon Plaintiffs pointing that out to the Court, Defendants now suggest that the "facts" of *Butler* are not important but, rather, it is the *Butler* "court's clear holding that a deduction must not merely be from a paycheck, but must be a deduction from 'wages.'" Defs.' Resp. at p. 5. Per above, Defendants are engaged in meaningless semantics. In addition, the *Butler* court did not hold let alone clearly hold that an

3

unauthorized deduction from an employee's *paycheck* is not a violation of Maryland's wage statute. Rather, the *Butler* court merely held that it did not have sufficient information at the summary judgment stage in that case to determine whether such deductions were unlawful since it appeared that the "deductions" allegedly made from plaintiff's "wages" were in fact *fines paid* by plaintiff/employee (*i.e.*, no money had actually been deducted from the employee's paycheck) and that employee/plaintiff had only been paid in "tips" (which tips the court suggested were not considered "wages"). Pls.' Cross Mot. at p. 23. Furthermore, as noted previously by Plaintiffs, the *Butler* opinion is a non-published opinion and therefore does not have any precedential value. *Id.* n. 12.

Sixth, per Plaintiffs' Cross Motion, Maryland (unlike many states) prohibits the contractual waiver of such statutory rights and deems any such contractual waiver void under public policy, which renders irrelevant the issues of whether any alleged vacation overpayments were due under the CBA-related agreements and/or whether Plaintiffs waived their statutory rights under such CBA-related agreements. Pls.' Cross Mot. at p. 22.

Seventh, Defendants argue that there are disputes of *material fact* as to whether any deductions were made from Plaintiffs' wages. Defs.' Resp. at p. 7. No such genuine disputes of material fact exist, per Defendants' Motion for Summary Judgment and Plaintiffs' Cross Motion. Rather, Defendants have made *legal arguments* as to why they contend monies unlawfully deducted from Plaintiffs' wages, pay, and/or paychecks were not in fact monies unlawfully deducted from Plaintiffs' wages, pay, and/or paychecks. Such erroneous legal arguments do not prohibit this Court from entering summary judgment in Plaintiffs' favor. *See* Pls.' Cross Mot. at pp. 3-4 (reciting summary judgment standards); Pls.' Cross Mot. at p. 7 (citing *Bonilla*) (granting summary judgment

4

on employee's unlawful deduction claim under Maryland wage statute); *Montoya v. S.C.C.P. Painting Contractors*, Inc., 589 F. Supp.2d 569 (D. Md. 2008) (granting employees' motion for summary judgment on FLSA wage claims).

Moreover, with respect to Defendants' contention that certain (unidentified) plaintiffs authorized such deductions, Plaintiffs' Cross Motion identifies the two Plaintiffs (French and Douglas) who are excluded from the relief sought in Plaintiffs' Cross Motion. Pls.' Cross Mot. at p. 4, n.1.

Lastly, with respect to Plaintiffs' request for treble damages, in addition to all those reasons set forth in Plaintiffs' Cross Motion, Plaintiffs would also note that rather than acknowledging that such deductions were unlawful, Defendants have instead obstinately refused to acknowledge the same, choosing instead to make the frivolous argument (unsupported by a single case) that monies deducted from pay or paychecks do not constitute wage deductions. Indeed, per Plaintiffs' Cross Motion, *prior to making such deductions*, Defendants knew they were required to obtain Plaintiffs' written authorization for such deductions, which is why Defendants attempted to have Plaintiffs sign a form authorizing such deductions. Pls. Cross Mot. at p. 5 (¶3 citing Ex. F). Thus, this is not a situation where an unsophisticated employer unknowingly ran afoul of a complex set of employment regulations but, rather, where a sophisticated employer knowingly did what its own conduct demonstrates it knew was not allowed. Accordingly, although not all wage statute violations warrant treble damages, this one does.[3]

## CONCLUSION

For all the reasons and those set forth in Plaintiff's Cross Motion, Plaintiffs respectfully

---

[3] Exhibit E to Plaintiffs' Cross Motion contains such treble damage calculations.

5

request that this Court grant the relief set forth in Plaintiffs' Cross Motion.

Respectfully submitted,

_____/s/_____

Brian M. Maul, Fed. Bar No. 28198
The Law Office of Brian M. Maul, LLC
47 E. South Street, Suite 401
Frederick, Maryland 21701
301-378-2569
brian@bmaullaw.com
*Counsel for Plaintiffs*

6

# STATUTORY ADDENDUM TO REPLY

§ 3-501. Definitions, MD LABOR & EMPLY § 3-501

West's Annotated Code of Maryland
  Labor and Employment
    Title 3. Employment Standards and Conditions (Refs & Annos)
      Subtitle 5. Wage Payment and Collection (Refs & Annos)

MD Code, Labor and Employment, § 3-501

§ 3-501. Definitions

Effective: October 1, 2010
Currentness

### In general

(a) In this subtitle the following words have the meanings indicated.

### Employer

(b) "Employer" includes any person who employs an individual in the State or a successor of the person.

### Wage

(c)(1) "Wage" means all compensation that is due to an employee for employment.

  (2) "Wage" includes:

    (i) a bonus;

    (ii) a commission;

    (iii) a fringe benefit;

    (iv) overtime wages; or

    (v) any other remuneration promised for service.

**Credits**

Added by Acts 1991, c. 8, § 2, eff. Oct. 1, 1991. Amended by Acts 2010, c. 99, § 1, eff. Oct. 1, 2010; Acts 2010, c. 100, § 1, eff. Oct. 1, 2010.

**Formerly Art. 100, § 94.**

**§ 3-501. Definitions, MD LABOR & EMPLY § 3-501**

MD Code, Labor and Employment, § 3-501, MD LABOR & EMPLY § 3-501
Current through all legislation from the 2022 Regular Session of the General Assembly. Some statute sections may be more current, see credits for details.

**End of Document**                    © 2022 Thomson Reuters. No claim to original U.S. Government Works.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2022, a copy of the foregoing was served upon all parties via CM/ECF electronic filing including upon:

Robert P. Floyd, III, Esq.
Constangy, Brooks, Smith & Prophete, LLP
12500 Fair Lakes Circle, Suite 300
Fairfax, Virginia 22033
*Counsel for Appellees*

\_\_/s/ Brian M. Maul_____
Brian M. Maul